The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE: | ) CASE NO. 08-63957 |
|  | ) |
| KARL W. THOMPSON and LYNETTE M. THOMPSON, | ) CHAPTER 13 |
|  | ) |
|  | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
|  | ) **MEMORANDUM OF OPINION ON OBJECTION TO CONFIRMATION (NOT INTENDED FOR PUBLICATION)** |

This matter is before the Court on the objection of Santander Consumer USA/Drive fka Drive Financial Services ("Drive") to the confirmation of the first amended plan of reorganization filed by Debtors Karl. W. Thompson and Lynette M. Thompson ("Debtors"). For the reasons set forth herein, Creditor's objection is overruled.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtors filed for protection under chapter 13 of the Bankruptcy Code on November 20, 2008. In their Schedule B, they declared joint ownership of a 2003 Ford Taurus. In their Schedule D, they declared that Drive had a purchase money security interest in this vehicle. From the pleadings of the parties, however, it is now apparent that Drive did *not* have a purchase money security interest in the vehicle; it has a security interest in the vehicle, but not for purchase money. It is also apparent that Drive acquired this security interest in the subject vehicle within the year prior to the petition date.

Debtors' first amended plan of reorganization was filed on February 19, 2009. It lists the year in which Debtors obtained the 2003 Taurus as 2005. Among other things, the plan proposes to cram down Drive's lien on the Taurus to $5,000.00 (Debtors' Schedule D declares the value of Drive's secured claim to be $9,947.00, and Drive filed a claim for $9,978.84). Debtors' plan would pay Drive's claim on this crammed-down amount at 7.00%, in installments of $167.00 per month.

Drive filed the instant objection on February 27, 2009. Drive states three grounds on which it objects to the proposed plan: first, that it does not provide for the retention of Drive's lien until the earlier of the payment of the underlying debt under applicable nonbankruptcy law or discharge; second, that it provides for insufficient post-confirmation payments to Drive to provide adequate protection for its interest; and third, that the plan proposes to pay less than the entire amount of Drive's secured claim despite the fact that it is secured by something of value and the security interest was less than one year old at the petition date.

Debtors filed their response brief on March 31, 2009. Debtors' brief concurs in the facts stated in Drive's brief, and states that the issue for the Court is solely a legal one, applicable to all three grounds of Drive's objection to Debtors' plan: whether the hanging paragraph of 11 U.S.C. § 1325 prevents the proposed cramdown of Drive's lien on the Taurus. As Drive's brief recited nearly no facts other than describing the contents of the plan, and Debtors dispute only the legal sufficiency of Drive's argument, the Court accepts this characterization of the issue.

## LEGAL ANALYSIS

### I. Lien Retention

With respect to Drive's first ground of objection to Debtors' plan, Drive's concern is unfounded and Debtors' argument is acarpous. The "Form Plan" established by Admin. Order 05-05, entered in this Court on October 17, 2005, provides as follows:

> The holder of any claim secured by property of the estate other than a mortgage
> treated elsewhere herein shall retain the lien until the earlier of payment of the

2

entire balance under applicable non-bankruptcy law or entry of the discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

(Admin. Order 05-05, Ex. A at 1.) As liens that are crammed down are not removed until this later point in time, Drive remains a holder of a secured claim other than a mortgage and therefore enjoys the benefits of this form provision. Debtors in this case filed only the Form Plan Summary, not the form plan. However, Admin. Order 05-05 also authorizes debtors to file the form plan summary (Admin. Order 05-05 Ex. B) and provides that "[u]se of the Summary automatically incorporates the Form Plan." (Admin. Order 05-05 ¶ 2.) Debtors filing the Form Plan or Summary may propose to deviate from the form provisions only through the use of the Special Provisions section appearing in each of those documents. Debtors' plan here contains no such special provisions. Debtors' special provisions section reads, in its entirety: "Wage order on husband. Debtors to surrender Chevrolet Impala."

## II. Applicability of the "Hanging Paragraph" of 11 U.S.C. § 1325

The second and third grounds of Drive's objection both turn on precisely the issue Debtors identified: whether the "hanging paragraph" of 11 U.S.C. § 1325 acts to prevent the bifurcation and cramdown of Drive's lien on the Taurus. Drive's second ground is that the plan violates 11 U.S.C. § 1325(a)(5)(B)(iii)(II), which requires that a plan pay any holder of a claim secured by personal property "not ... less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan." This indirectly turns on the hanging paragraph issue, as adequate protection of Drive's interest need not be as high as it claims it must be ($308.12 per month) if cramdown is permissible. Drive's third ground invokes the hanging paragraph directly, stating that the Debtors' debt to Drive was incurred in the one-year period prior to filing, is secured by a thing of value, and would be paid less than its full amount under the terms of Debtors' plan as proposed.

The hanging paragraph of § 1325 provides, in full:

For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325. Debtors raise two objections to Drive's reading of this statute. First, Debtors argue that the "any other thing of value" provision is still subject to the requirement that the debt and security interest be for purchase money. Second, Debtors argue that the "any other thing of

3

value" does not apply to a motor vehicle.

Debtors are correct on both counts.

### A. The Purchase Money Security Interest Requirement Applies to the Post-Conjunction Text of the Hanging Paragraph

Although this appears to be an issue of first impression among the bankruptcy courts of the Sixth Circuit, bankruptcy courts in other circuits which have considered the issue have generally arrived at the conclusion that security interests in "other things of value" still must be for purchase money to enjoy the protection of the hanging paragraph. See In re Ellegood, 362 B.R. 696, 704 (Bankr. E.D. Va. 2007) ("The provisions of the 'hanging paragraph' create two protected categories of secured debt, each requiring that the creditor possess a purchase money security interest."); In re Hickey, 370 B.R. 219 (Bankr. D. Neb. 2007) (citing Ellewood with approval in dicta); In re Quevedo, 345 B.R. 238 (Bankr. S.D. Cal. 2006) (including a thorough analysis of the legislative history of what would become the "hanging paragraph"); In re Curtis, 345 B.R. 756 (Bankr. D. Utah 2006); In re Parish, 2006 WL 1679710, *1 (Bankr. M.D. Fla. March 10, 2006) (unpublished); In re Ford, 2008 WL 1925153 (Bankr. E.D. Wis April 29, 2008) (unpublished). A leading bankruptcy treatise likewise has read the rule to require that the security interest in question be a purchase money security interest whether arising within 910 days and securing an interest in a motor vehicle or arising within one year and securing an interest in any other thing of value. 8 Collier on Bankruptcy ¶ 1325.06[1][a] at 1325-25. Drive has not produced any authority to support its argument that motor vehicles must be secured by purchase money security interests to be protected from bifurcation and cramdown, whereas any other things of value need not be. While the caselaw on this issue is thin nationwide and nonexistent in this circuit, it is also entirely one-sided. This Court agrees with the other courts to have examined this issue thus far, and is particularly persuaded by the thorough treatment in Quevedo of the eight-year legislative history of the "hanging paragraph" from inception to enactment. See Quevedo at 243-45.

### B. Motor Vehicles Cannot Be "Any Other Thing" Than a Motor Vehicle

Drive is also unable to call the Court's attention to any authority for its position that a motor vehicle can be "any other thing of value." The parallel structure of the use of the phrase "collateral for that debt consists of" in the hanging paragraph clearly relates the term "other" following the second use of the phrase to the noun "motor vehicle" following the first use of the same phrase.

As summarized by the Bankruptcy Court for the Middle District of Florida:

The second scenario where section 506 does not apply is where a creditor (1) has a purchase money security interest securing a debt, (2) the collateral for that debt

4

consists of anything of value *(other than a motor vehicle)*, and (3) the debt was incurred during the 1-year period preceding the filing.

Parish at *1 (emphasis added). The structure of the hanging paragraph draws two categories of collateral: motor vehicles and "other." If motor vehicles could qualify under the second category, the word "other" would not be necessary; the category would be "any thing of value" rather than "any *other* thing of value." "It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word." Washington Market Co. v. Hoffman, 101 U.S. 112, 115 (1879). The term *other* must be given effect, and its only logical effect given the terms of the statute is the exclusion of the term *motor vehicle* from the second category of collateral that the hanging paragraph protects from bifurcation. Other courts to have examined the issue have likewise reached the conclusion that the motor vehicles cannot fall into both the first and second categories of collateral protected by the hanging paragraph. See In re Hayes, 376 B.R. 655 (Bankr. M.D. Tenn 2007); In re Balsinde, 2007 WL 4247642 (Bankr. S.D. Fla. Nov. 29, 2007) (unpublished). This Court concurs.

An order consistent with this opinion will be entered contemporaneously.

###

**Service List:**

Edward S Lake
Rauser and Associates
401 W. Tuscarawas Street
Suite #400
Canton, OH 44702

Karl W Thompson
Lynette M Thompson
509 Broad Street
Dover, OH 44622

400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702